Argued March 21, affirmed May 30, 1978

STATE OF OREGON, *Respondent,*
*v.*
CLARENCE LAVERN ECKLEY, *Appellant.*
(No. 77-1805, CA 9364)
579 P2d 291

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Defendant appeals from an order revoking his probation and executing a previously-imposed sentence. The issue is whether the double jeopardy clauses of the state and federal constitutions[1] apply to probation revocation proceedings.

In May, 1977, defendant pleaded guilty to unauthorized use of a motor vehicle. He was sentenced to the custody of the Corrections Division for five years, but execution of the sentence was suspended and he was placed on probation. Thereafter, defendant was charged with violating the terms of his probation by unlawfully possessing and controlling a concealable weapon. After a hearing to show cause why probation should not be revoked, the court dismissed the proceeding because the state had not proved the alleged violation.

On the day after the dismissal, the state initiated a second probation revocation proceeding, based on defendant's conviction of being an ex-convict in possession of a firearm, ORS 166.270, arising from the same incident that was alleged in the first revocation proceeding. Defendant moved for dismissal of the second proceeding on grounds of former jeopardy. The court denied the motion, revoked defendant's probation, and ordered execution of the sentence that had been imposed for the conviction of unauthorized use of a motor vehicle.

Article I, Section 12 of the Oregon Constitution provides:

"No person shall be put in jeopardy twice for the same offence (sic) * * *."

---

[1]The Fifth Amendment to the United States Constitution provides in part:

"* * * [N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *."

The parties have not distinguished between the state and federal jeopardy clauses and we treat them as having the same meaning for purposes of analysis of this case.

Also, ORS 131.515(1) and (2), which purport to codify Oregon's double jeopardy rules,[2] provide:

"Except as provided in ORS 131.525 and 131.535:

"(1) No person shall be prosecuted twice for the same offense.

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

The question in this appeal is whether a probation revocation hearing places a probationer in "jeopardy" or constitutes a "prosecution" for an "offense." We conclude that it does not.

■ The Double Jeopardy Clause protects defendants from more than one criminal prosecution for the same offense. It also applies to proceedings that are essentially criminal in that they result in a penal sanction. *See, Breed v. Jones,* 421 US 519, 528, 95 S Ct 1779, 44 L Ed 2d 346 (1975) (juvenile adjudication held to bar subsequent remand).

Due process is a flexible concept to be applied with appropriate regard for the personal rights at stake and the nature of the proceeding. The right to notice and counsel, for example, must be afforded in a probation revocation hearing because facts are to be determined, litigative skills are desirable, and liberty may be affected. Other protections, however, are not necessarily applicable, *e.g.,* the requirement of proof beyond

---

[2] *State v. Brown,* 262 Or 442, 457-58, 497 P2d 1191 (1972), held that "a second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution." Here, both probation revocation proceedings concerned a single incident; they were properly heard in the same court; and the district attorney learned of the criminal conviction on the morning of the first revocation proceeding. Therefore, if the Double Jeopardy Clause applied to probation revocation proceedings, it would bar the second proceeding.

reasonable doubt. *State v. Fortier,* 20 Or App 613, 616-17, 533 P2d 187 *rev den* (1975). The very nature of the proceeding makes application of double jeopardy protection inappropriate.[3]

■ The function of the proceeding is not to punish defendant for a new crime. Indeed, acquittal of a new crime does not bar probation revocation based on that crime, *State v. Fortier, supra,* and the authority to revoke does not depend upon whether defendant's probationary conduct is criminal. Rather, the function is to determine whether to impose or execute a sentence for the offense of which defendant has already been convicted and for which probation was granted. *State v. Montgomery,* 3 Or App 555, 558, 474 P2d 780 *rev den* (1970). The initial decision to place defendant on probation was a decision to forego complete denial of liberty by incarceration in favor of a judicially-supervised period of restricted liberty in the hope that the purposes of rehabilitation of defendant and the protection of the public can be achieved by the lesser deprivation of liberty. *State v. Culbertson,* 29 Or App 363, 563 P2d 1224 (1974). Thus the inquiry at a probation revocation hearing is whether, by virtue of a new crime or noncompliance with conditions of probation or unavailability due to incarceration on other charges or any other sound reason, the purposes of probation will best be served by continued probation and deferred incarceration. *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964); *State v. Baxley,* 27 Or App 73, 555 P2d 782 (1976). The determination of whether those purposes are being advanced must often be made in the course of continuing judicial supervision rather than focusing on one act. Hence the application of double jeopardy rules as they apply to adjudications of crime would be substantively and procedurally inappropriate.

■■ Because a revocation proceeding is not a criminal adjudication, does not require proof of a criminal

---

[3]There is no suggestion in this case of harassment by multiple proceedings.

offense, does not impose punishment for any new offense, and is an act in the performance of the duty of judicial supervision of probationary liberty, neither the Double Jeopardy Clause nor ORS 131.515 is applicable. Therefore, we affirm the order revoking defendant's probation and executing the suspended sentence.

Affirmed.