STATE *ex rel.* THOMAS D. OSTRANDER

*v.*

HOWARD W. WILT,

*Sheriff of Jefferson County, et al.*

(No. 14623)

Decided January 22, 1980.

*Rice, Hannis & Douglas and Charles F. Printz, Jr.*, for relator.

*Chauncey H. Browning*, Attorney General, *Gray Silver III*, Assistant Attorney General, for respondents.

CAPLAN, JUSTICE:

In this original proceeding in habeas corpus the petitioner, Thomas D. Ostrander, seeks his release from incarceration by the State. His grounds therefor are that: (1) the State failed to afford him a preliminary hearing for alleged probation violation within a reasonable time after his return to this jurisdiction, and, (2) the State failed to afford him a preliminary and final revocation hearing prior to the expiration of his probationary period. Upon consideration of the circumstances of this case and the law applicable thereto, we deny the relief sought.

On April 28, 1976, in the Circuit Court of Jefferson County, the petitioner entered a guilty plea to the charge of breaking and entering. Subsequent to a sixty-day period of diagnostic evaluation at Huttonsville and the receipt of a report thereon, the court, on June 24, 1976, sentenced the petitioner to a term of one to ten years in the state penitentiary. The sentence was stayed, however, and the petitioner was placed on probation for a period of three years upon certain terms and conditions. One of such conditions was that he was not to leave the State without permission of the court.

On January 9, 1979, a petition for the revocation of the petitioner's probation was filed in the Circuit Court of Jefferson County. Such revocation was sought by a probation officer serving Jefferson County on the grounds that the petitioner was residing outside the state without the permission of the court, that he had been convicted of certain crimes and had failed to pay court costs. On the same day a capias and bench warrant were issued by the circuit court for the petitioner's arrest.

The petitioner was arrested in Phoenix, Arizona on a charge of larceny in May, 1979. When advised of the petition pending in West Virginia for the revocation of his probation, the petitioner waived extradition and was returned on May 24, 1979.

Let us first consider the factual situation upon which the petitioner contends that the circuit court lacks jurisdiction to hear the probation revocation matter. Giving rise to this contention is his allegation that he was not afforded a preliminary hearing within a reasonable time after his return. The petitioner was returned to West Virginia on May 24, 1979 and on that date counsel was appointed to assist him. His counsel, by letter dated June 5, 1979, addressed to the appropriate magistrate in Jefferson County, requested a preliminary hearing as soon as possible. Therein, however, he advised the magistrate that he would be unavailable from June 16 through June 23 and that he had several hearings set for June 25.

Based on the date of the court's sentencing order, the petitioner's probationary period terminated on Sunday, June 24, 1979. On June 26, 1979, counsel for petitioner agreed that the preliminary hearing be set for July 10, 1979. At the hearing held on that date, probable cause was found to require a final probation revocation hearing. Bail was denied on July 17 and the petitioner signed a waiver of a prompt and summary hearing. Thereupon, the court set a final hearing for October 3, 1979. This petition for a writ of habeas corpus was filed on August 2, 1979.

The first issue is whether, in the circumstances of this case, the lapse of time between the arrest and the preliminary hearing is so unreasonable as to constitute a violation of the petitioner's statutory or constitutional rights.

*W.Va. Code*, 1931, 62-12-10, as amended, provides that upon arrest for probation violation the probationer be brought before the court "for a prompt and summary hearing." In *Louk v. Haynes*, ___ W.Va. ___, 223 S.E. 2d 780 (1976), this Court, pursuant to the dictates of *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), said:

> The preliminary hearing ... is a hearing held at the time of arrest and detention to determine whether there is probable cause to believe that the accused has committed a violation of his probation or parole. The hearing must be held by an independent officer as promptly as convenient after arrest, while information is still fresh and sources are available.

In view of the requirement in the above statute, "a prompt and summary hearing", and the language in *Louk*, "hearing must be held ... as promptly as convenient after arrest", it becomes clear that a preliminary probation revocation hearing must be afforded the probationer without unreasonable delay. "An approach entirely dependent upon the length of delay, however, is not satisfactory." *United States v. Companion*, 545 F. 2d 308 (1976). In that case there was an 87-day delay before the probationer had a hearing. The *Companion* court held that the 87-day delay was not unreasonable in that case and in doing so adopted an *ad hoc* balancing test which was formulated in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 33 L. Ed. 2d 101, (1972). Therein the conduct of the prosecution and that of the defendant were weighed. Basically, the court should assess three factors: (1) the length of and reason for the delay; (2) the probationer's assertion of his right; and (3) the prejudice to the defendant.

We are in agreement with the above authorities that an approach dependent entirely upon the length of delay is not satisfactory and, consequently, adopt the balancing test referred to above which calls for the consideration of other factors revealed by the record.

Applying these factors to this case, we conclude that the petitioner has not been denied his right to a preliminary hearing "as promptly as convenient after arrest." The length of the delay from the time of his arrest to the preliminary hearing was 47 days. The reason for the delay, as related above, was largely attributable to the actions of the petitioner and his attorney. While the petitioner promptly asserted his right to a prompt hearing, the record reveals that the assertion was effectively weakened by counsel notifying the magistrate of the many days that he would not be available. In fact, in an unanswered affidavit of the probation officer, filed with the respondent's answer, it was stated that the petitioner, in the presence of his attorney, signed a waiver of a prompt and speedy summary hearing; that the petitioner, on more than one occasion, had advised him of his desire to delay the proceedings as much as possible; and, that the petitioner wanted the delay so that he could accumulate more jail time, thereby requiring less time in the penitentiary should his probation be revoked. So far as prejudice to the petitioner is concerned, the petitioner asserted none and none appears from the record.

In the circumstances of this case the preliminary hearing was afforded with reasonable promptness and the circuit court has jurisdiction to revoke the petitioner's probation in a final hearing.

Addressing the second issue—whether the circuit court has jurisdiction to revoke probation subsequent to the expiration of his probationary period—we acknowledge that, as a general rule, whenever the probationary term has been served, the court no longer has jurisdiction to revoke probation. *Jett v. Leverette,* ___ W.Va. ___, 247 S.E. 2d 469 (1978); *State v. Reel,* 152 W.Va. 646, 165 S E. 2d 813 (1969); *State ex rel. Strickland v. Melton,*

152 W Va. 500, 165 S.E. 2d 90 (1968). However, there are circumstances which create exceptions to that general rule and such circumstances exist in the instant case. First, a warrant for the petitioner's arrest for violation of his probation was issued prior to the expiration of the probationary period; second, the petitioner fled the jurisdiction and was apprehended only a short time prior to the expiration of his probationary period; and third, the delay in hearing the probation revocation until after the expiration of the probationary period was occasioned by the actions of the petitioner and his counsel.

Showing clearly that exceptions to the above general rule do exist and that probation may be revoked and a sentence imposed after the expiration of the probationary period is the decision in *Gholston v. Boles*, 305 F. 2d 162 (1962). There the petitioner, Gholston, after being convicted and placed on probation, fled the jurisdiction. A warrant for his arrest was issued but he was not returned to West Virginia until after his period of probation had expired. His probation was revoked and he was sentenced. Gholston had exhausted his state remedies by applying to the state supreme court for habeas corpus relief. In *Gholston v. Boles, supra,* Judge Haynesworth said:

> When West Virginia's highest court denied his petition for habeas corpus, without an opinion, it must have construed West Virginia's statutes as authorizing the commitment after the expiration of the probationary period. The statute appears readily susceptible to that construction ... Indeed, such statutes would appear perverted if so construed that a probationer could flee the jurisdiction and immunize himself from all consequences of his violation of his probation if successful in avoiding execution of an arrest warrant until the original probationary period had expired.

While the factual situation here differs from that in *Gholston* in that the instant petitioner was returned to this jurisdiction prior to the expiration of his probation-

ary period, his return occurred only a short time before such expiration. As demonstrated above, the petitioner and his counsel were highly instrumental in causing the delay in the revocation hearing until after his probation had expired. The revocation proceeding was initiated during the probationary period. The circumstances of this case constitute an exception to the above general rule.

It would indeed be ludicrous to permit one to avoid probation revocation by fleeing the jurisdiction, by returning a short time prior to the expiration of his probation and by then effectively delaying a hearing until such probationary period expired. Such would be the result should we accede to the request of the petitioner.

For the reasons stated in this opinion, the relief sought is denied.

*Denied.*