STATE OF WEST VIRGINIA

*v.*

RONALD CECIL DAWSON

(No. 14760)

Decided September 29, 1981.

*Sanders & Austin and Derek Craig Swope*, for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Thomas N. Trent,* Assistant Attorney General, for defendant in error.

MILLER, JUSTICE:

In this appeal from a probation revocation, the probationer contends the court erred in not granting him a timely preliminary revocation hearing. Additionally, probationer claims that the court's midtrial break of the final probation revocation hearing in order to accord the probationer an independent preliminary hearing resulted in a double jeopardy bar to the subsequent resumption of the final probation revocation hearing. Other alleged errors are that there was insufficient evidence to sustain the probation revocation decision; that the trial judge erred in not recusing himself from the case; and, that the record does not affirmatively show that counsel was present when the probation agreement was signed. For reasons set out below, we decline to reverse.

The probationer originally entered a plea on a charge of forgery and several similar charges were dropped. He was placed on probation on October 16, 1978, by the Circuit Court of Mercer County. The probationer was arrested in Georgia; but, the exact nature of these charges are unclear. His probation violation charges were a conviction for public intoxication, leaving the State without the permission of his probation officer, failing to make monthly reports to his probation office and associating with a person having a criminal record. He was returned to Mercer County on January 17, 1979, where he was incarcerated awaiting the probation revocation hearing.

His counsel obtained two continuances of the revocation hearing and did not ask for a preliminary hearing, nor was one set. When the parties appeared for the final probation revocation hearing on March 27, 1979, the probationer's counsel raised the point that no preliminary hearing had ever been held, citing *Louk v. Haynes,* 159 W. Va. 482, 223 S.E.2d 780 (1976).

The circuit judge initially took this matter under advisement and the prosecutor proceeded to put on his witnesses in regard to the probation violations. However, before the State's case was concluded, the judge, after a thorough review of *Louk v. Haynes, supra,* concluded that he was without jurisdiction to hold the final hearing until the preliminary hearing was completed. The pertinent statement from *Louk* is:

> "The preliminary hearing as defined under the *Morrissey* and *Gagnon* decisions is a hearing held at the time of arrest and detention to determine whether there is probable cause to believe that the accused has committed a violation of his probation or parole. The hearing must be held by an independent officer as promptly as convenient after arrest, while information is still fresh and sources are available. *Morrissey v. Brewer, supra,* 408 U.S. at 485-86, 92 S.Ct. 2593." 223 S.E.2d at 789.

In *State ex rel. Ostrander v. Wilt,* ____ W. Va. ____, 262 S.E.2d 420 (1980), we had our first occasion to determine the standard for an unreasonable delay in holding a preliminary hearing on a probation revocation, stating in Syllabus Point 1:

> "In determining whether a preliminary hearing for an alleged probation violation has been held without unreasonable delay, three factors should be considered: (1) the length of and reason for the delay; (2) the probationer's assertion of his right; and, (3) the prejudice to the defendant."

In *Ostrander* we held that a period of 47 days between the date the probationer was returned to this State under arrest and the date of his preliminary hearing was not unreasonable. This holding was predicated mainly on the fact that the probationer's attorney had engendered most of the delay by requesting the preliminary hearing be set at the convenience of his schedule. Here, we cannot conclude as we did in *Ostrander* that the failure to hold a prompt preliminary hearing is solely attributable to delay caused by probationer's counsel.

*Louk* states that the reason for a preliminary hearing is "to determine whether there is probable cause to believe that the accused has committed a violation of his probation or parole." 223 S.E.2d at 789. Another reason for holding a prompt preliminary hearing is to determine whether a probationer, who has lost his conditional liberty interest, should continue in detention. A prompt preliminary hearing also affords probationer the opportunity to learn of the facts and witnesses that will confront him at the final hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L.Ed.2d 656, 93 S.Ct. 1756 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593 (1972).[1]

Most courts which have dealt with the failure to accord a probationer or parolee a prompt preliminary hearing focus on whether any prejudice has resulted. Unless prejudice can be shown which affects the integrity of the final revocation hearing, it will not be reversed. *E.g., People v. Knowles*, 48 Ill. App.3d 296, 362 N.E.2d 1087 (1977); *People v. Hunt*, 29 Ill. App.3d 416, 330 N.E.2d 883 (1975); *Wilson v. State*, 403 N.E.2d 1104 (Ind. App. 1980); *People v. Blakely*, 62 Mich. App. 250, 233 N.W.2d 523 (1975); *Ewing v. Wyrick*, 535 S.W.2d 442 (Mo. 1976); *Richardson v. New York State Board of Parole*, 341 N.Y.S.2d 825 (1973), *aff'd*, 347 N.Y.S. 179, 300 N.E.2d 716.

One of the factors in the *Ostrander* test is whether prejudice can be shown as a result of the failure to hold a prompt preliminary hearing. It is this aspect which forms the central inquiry in this case. Probationer does not

---

[1] Some courts take the rather narrow view that *Gagnon* extends the right to a prompt preliminary hearing only to those probationers who are taken into custody and deprived of their conditional freedom. *United States v. Sciuto*, 531 F.2d 842 (7th Cir. 1976); *United States v. Strada*, 503 F.2d 1081 (8th Cir. 1974). In *Fay v. Commonwealth*, 399 N.E.2d 11 (Mass. 1980), the court concluded that the lack of any preliminary hearing was harmless since the probationer, after receiving notice of her violation, was never incarcerated until after the final revocation hearing. *See also Curtis v. State*, 370 N.E.2d 385 (Ind. App. 1977). The court in *State v. Dowell*, 297 N.W.2d 93 (Iowa 1980), recognizes that a probationer or parolee detained without a preliminary hearing can obtain through a habeas corpus proceeding release from such unlawful detention.

assert that any prejudice resulted from the failure to hold a prompt preliminary hearing. Probationer's argument seems to be that the failure to hold the preliminary hearing creates a presumption of prejudice, but this is not the law. The foregoing cases as well as *Ostrander* require some showing of prejudice. We decline to hold that the probation revocation must be reversed for the failure to hold a prompt preliminary revocation hearing.

The second assignment of error is the assertion of a double jeopardy claim. The final revocation hearing was terminated at the conclusion of the State's case, when the trial court concluded that the defendant had a right to a preliminary hearing. Upon the completion of the preliminary hearing and the magistrate's finding of probable cause, the court held another final revocation hearing approximately one month later. The State presented essentially the same evidence that it had at the previous final revocation hearing. Defendant asserts that the break in the first hearing after evidence was presented to the court resulted in a jeopardy bar. We do not agree.

Courts have been reluctant to apply double jeopardy principles in probation or parole revocation proceedings on the theory that such hearings are not criminal in nature since they do not involve ascertainment of criminal guilt.[2] Although it is recognized that a revocation hearing can result in incarceration and thereby a loss of the probationer's or parolee's conditional liberty status, the courts reason that the incarceration comes about through the reimposition of the original criminal sentence after it has been determined that the defendant is not fit to continue on probation or parole status. We expressed

---

[2] *E.g., In re Dunham* 16 Cal.3d 63, 127 Cal. Rptr. 343, 545 P.2d 255 (1976); *Johnson v. State,* 142 Ga. App. 124, 235 S.E.2d 550 (1977), *aff'd,* 240 Ga. 526, 242 S.E.2d 53, *cert. denied,* 439 U.S. 881, 58 L.Ed.2d 194, 99 S.Ct. 221 (1978); *State v. Oppelt,* 601 P.2d 394 (Mont. 1979); *State v. Eckley,* 34 Or. App. 563, 579 P.2d 291 (1978); *Commonwealth v. Brown,* 422 A.2d 203 (Pa. Super. 1980); *Bass v. State,* 501 S.W.2d 643 (Tex. Crim. 1973), *cert. denied,* 415 U.S. 977, 39 L.Ed.2d 873, 94 S.Ct. 1563 (1974); *State ex rel. Bieser v. Percy,* 97 Wis.2d 702, 295 N.W.2d 179 (1980).

much this same thought in regard to the purpose of a final revocation hearing in *State v. Ketchum*, ___ W. Va. ___, 289 S.E.2d 657 (1981).

> "The reason probation can be revoked without an underlying conviction is because a probation revocation proceeding does not involve a determination of the defendant's guilt of the criminal offense committed while on probation. Rather it involves a factual determination that an offense has been committed which imparts the conclusion that the rehabilitative and other purposes behind probation have failed." (footnote omitted) Slip Op. p. 3.

*State v. Eckley*, 34 Or. App. 563, 579 P.2d 291 (1978), summarized the reasons why double jeopardy does not attach at a second probation revocation hearing:

> "Because a revocation proceeding is not a criminal adjudication, does not require proof of a criminal offense, does not impose punishment for any new offense, and is an act in the performance of the duty of judicial supervision of probationary liberty, neither the Double Jeopardy Clause nor ORS 131.515 is applicable." 579 P.2d at 293.

*Eckley* did contain this qualifying statement in footnote 3: "There is no suggestion in this case of harassment by multiple proceedings." 579 P.2d at 293. A similar point was made in *State v. Oppelt*, 601 P.2d 394 (Mont. 1979), where the court stated:

> "We recognize there may be a limit on how many times the same operative facts may be used as a basis for a petition to revoke. However, we do not reach the issue of the effect of a dismissal on the merits on a second petition based on the same facts." 601 P.2d at 398.

Here, there was no dismissal on the merits at the initial final revocation hearing. Rather, the trial court was persuaded by defense counsel's argument that there was a necessity to hold a preliminary revocation hearing before the final hearing and suspended the final revocation hearing without ruling on the merits. When the final revoca-

tion hearing resumed about a month later, much the same evidence was reintroduced by the State. Even in the context of a criminal trial, we have recognized that a midtrial break procured by the defendant which is not the result of prosecutorial or judicial overreach will ordinarily not bar a retrial under double jeopardy principles. *State ex rel. Betts v. Scott,* ____ W. Va. ____, 267 S.E.2d 173 (1980).

Our conclusion on this point is that principles of double jeopardy will not ordinarily be applied to probation or parole revocation hearings, at least in the absence of any claim of bad faith.

Several other assignments of error are made, which we believe to be without merit. One relates to the insufficiency of the evidence relating to the probationer's parole violation. We find sufficient evidence in the record to meet the clear preponderance of evidence standard established in *Sigman v. Whyte,* ____ W. Va. ____, 268 S.E.2d 603 (1980).

The point that the trial judge should have recused himself from the case was not raised below, and the remarks of the trial court alluded to by probationer, when read in the full context of the judge's statements, do not exhibit any bias or hostility.

Probationer contends, finally, that the record does not show the presence of his counsel when the form setting out the conditions of probation was signed. We note that this point was not raised below. Furthermore, we find probationer's attempted analogy to *Louk v. Haynes, supra,* inappropriate. *Louk* was a case which involved conditions of probation which were imposed upon probationer in his absence as well as the absence of counsel. These terms were irregular in nature and were originally contested by probationer's counsel as soon as he became aware of them. Here, the conditions imposed were standard and encompassed on a court-approved form.

Moreover, the allegation is that the record does not reveal counsel was present for the signing of the "contract," not that probationer or his counsel were unaware of the terms, or that they were inappropriate or that some

gross irregularity occurred. In *Louk*, we stated that "counsel must be present when the conditions of probation are *set* or *modified* by the trial court." 223 S.E.2d at 788. (Emphasis added) From this, we conclude that counsel need not be present at the time probationer's signature is taken as long as it appears that counsel was present when the terms of probation were initially set or subsequently modified.

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

*Affirmed.*