341 S.E.2d 838

**STATE of West Virginia**

v.

**Rita K. MINOR**

No. 16710.

Supreme Court of Appeals of West Virginia.

March 12, 1986.

Ronald J. Flora, Milton, for appellant.

Bethany Boyd, Asst. Atty. Gen., Charleston, for appellee.

## PER CURIAM:

This is an appeal brought by the appellant, Rita K. Minor, from a final order of the Circuit Court of Cabell County, entered June 7, 1984, which revoked the appellant's probation and ordered her remanded to jail to serve the remainder of her original sentence of imprisonment. We find error in the judgment of the circuit court, and we reverse.

In July, 1981, the appellant was indicted in Cabell County on charges of welfare fraud pursuant to W.Va. Code § 9–5–4 (1984 Replacement Vol.). After plea negotiations, the appellant pled guilty to a misdemeanor charge and was sentenced to imprisonment in the county jail for a term of twelve months. By order entered October 5, 1981, the circuit court suspended the sentence and placed the appellant on probation for a period of five years.

On February 17, 1983 the appellant's probation officer filed with the circuit court a petition to revoke probation on the ground that the appellant had failed to abide by certain conditions of her probation. As a result, the circuit court, by order entered May 4, 1983, ordered probation reinstated on modified terms and conditions. Among other things the modified conditions of probation required the appellant to submit written monthly reports to her probation officer, to make restitution at a rate of $25.00 per month and to perform community service.* Both the appellant and her counsel signed the order establishing these modified conditions.

On December 13, 1983, the appellant's probation officer filed another petition to revoke her probation, alleging that the appellant had violated these conditions. The appellant waived a probable cause hearing, and the final revocation hearing was conducted before the circuit court on May 24, 1984. At the conclusion of the hearing, the court ruled that the appellant had violated

---

* The modified conditions of probation provided, in pertinent part:

  5) That said probationer shall report to the Probation Officer of this Court by submitting a written monthly report provided to her by the Probation Officer on this 1st day of each month with the first report due June 1, 1983, or at such time or in such other manner, as the Court or the Probation Officer may hereafter direct,

      \*    \*    \*    \*    \*    \*

  10) That said probationer shall, while employed, make restitution payments in the minimum amount of Twenty-Five ($25.00) Dollars per month made payable to the West Virginia Department of Welfare by money order or cashiers check, said payment shall be sent to the Cabell County, West Virginia Adult Probation Department to be forwarded to the appropriate department; said restitution shall be Two Thousand Six Hundred Sixty Dollars ($2,660.00) in U.S. Currency. Said probationer shall work a minimum of ten hours community service work per week with every hour of community service work perform [sic] credited towards restitution in the amount of $3.35 per hour, in the event that said probationer shall become unemployed then she shall perform eight additional hours during each calendar month of said unemployment.

the modified conditions of probation and, by order entered June 7, 1984, ordered the appellant to serve the remainder of her original sentence of imprisonment. It is from this order that this appeal is taken.

■ The issue raised on appeal is whether the circuit court erred in revoking the appellant's probation for her failure to make restitution. We have held that "[p]robation may not be revoked for failure to pay restitution, costs and attorneys fees unless the probationer's failure is contumacious." Syllabus Point 2, *Armstead v. Dale*, 170 W.Va. 319, 294 S.E.2d 122 (1982). In this regard, the burden of proof is the same as in any probation revocation proceeding: "Where a probation violation is contested, the State must establish the violation by a clear preponderance of the evidence." Syllabus Point 4, *Sigman v. Whyte*, 165 W.Va. 356, 268 S.E.2d 603 (1980). *See also State v. Dawson*, 168 W.Va. 101, 282 S.E.2d 284 (1981); *State v. Ketchum*, 169 W.Va. 9, 289 S.E.2d 657 (1981).

The evidence presented at the hearing below showed that the appellant failed to make any monthly restitution payments after July of 1983. The appellant admitted that she was employed during the month of August and part of September, but asserted that she was unable to pay restitution for those months because of additional expenses she had incurred as a result of changing residences. The record shows that she informed her probation officer of this fact by letter dated September 1, 1983, and offered to pay the arrearages within thirty days. The appellant testified, however, that she became unemployed in September, 1983 and was forced to seek public assistance. As a result, she was unable to pay the arrearages or to make the required restitution for the months of October and November. The appellant testified that she did obtain full-time employment in November, 1983, but that due to delays in payroll processing, she was not paid until the following month. At the conclusion of the revocation hearing, the circuit court found that the appellant had willfully violated the restitution conditions of her probation.

■ After carefully reviewing the record in this case, we conclude that the circuit court was clearly wrong in finding that the appellant's failure to make restitution was contumacious. The appellant's testimony as to the reasons for her failure to make restitution payments was uncontradicted and was not inherently incredible. There was no evidence that she incurred additional expenses or sought unemployment as a means of evading this condition of her probation. Moreover, the record shows that she reported her financial problems and changes in circumstances to her probation officer. Upon this evidence, we do not believe that the State met its burden of showing by a preponderance of the evidence that the appellant's failure to pay restitution was contumacious. Accordingly, it was impermissible for the circuit court to revoke probation on that ground.

We note, moreover, that the circuit court did not specify the grounds upon which the probation revocation was predicated. The petition for revocation alleged that in addition to failing to make restitution, the appellant had failed to perform community service and had failed to submit monthly reports to her probation officer. The appellant admitted that she had failed to perform the required community service, but asserted that such work was unavailable to her for at least part of the period in question. She denied that she had failed to submit monthly reports to her probation officer.

■ In Syllabus Point 12 of *Louk v. Haynes*, 159 W.Va. 482, 223 S.E.2d 780 (1976), we held, in reliance upon the pronouncements of the United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973):

The final revocation proceeding required by the due process clause of the Fourteenth Amendment and necessitated by W.Va. Code, 62–12–10, *as amended*, must accord an accused with the following requisite minimal procedural protec-

tions: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a "neutral and detached" hearing officer; (6) *a written statement by the fact finders as to the evidence relied upon and reasons for revocation of probation.* (Emphasis added).

*See also State v. Stuckey,* 174 W.Va. 236, 324 S.E.2d 379 (1984); *State ex rel. E.K.C. v. Daugherty,* 171 W.Va. 298, 298 S.E.2d 834 (1982); *State v. Fraley,* 163 W.Va. 542, 258 S.E.2d 129 (1979); *Watson v. Whyte,* 162 W.Va. 26, 245 S.E.2d 916 (1978). The failure of the circuit court to state the reasons for its decision in this case is clearly error.

In the absence of proper findings of fact, and in view of our ruling on the issue of the appellant's failure to make restitution, we are unwilling to speculate as to how the trial court would have ruled on the other probation violations alleged in the revocation petition. Accordingly, we remand the case for further consideration by the circuit court. On remand, the lower court should give due consideration to any mitigating circumstances in the appellant's favor and should bear in mind that probation should not be revoked for minor technical violations of the conditions of probation. *See State v. Ketchum, supra.* The decision of the circuit court should be accompanied by proper findings of fact.

For the reasons stated herein, the judgment of the Circuit Court of Cabell County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.