GARRETT, J.
*384 Defendant appeals a judgment revoking his probation. We write to address only defendant's second assignment of error, in which he contends that the trial court erred in revoking his probation because the only evidence that he violated the terms of probation was his uncorroborated admission to using controlled substances; we reject his remaining assignment without discussion. We conclude, contrary to defendant's argument, that his uncorroborated admission was sufficient to support revocation. Accordingly, we affirm.
The relevant facts are undisputed. Defendant was convicted of unauthorized use of a vehicle, ORS 164.135, felon in possession of a restricted weapon, ORS 166.270(2), and possession of methamphetamine, ORS 475.894. The trial court placed him on probation for 36 months.
A condition of defendant's probation was that he not use or possess controlled substances. In his first meeting with his probation officer, defendant admitted that "he was still actively using methamphetamine a few times a week." At a subsequent probation revocation hearing, the officer testified about defendant's admission, and the state requested that the court revoke probation. The state presented no other evidence of defendant's conduct. Defendant argued that the evidence was insufficient to support revocation because the state offered no corroborating evidence of his admission. The trial court disagreed and revoked probation, sentencing defendant to 30 months in prison followed by 24 months of post-prison supervision.
On appeal, defendant renews his argument that the state was required to present corroborating evidence of his admission to support revocation of probation. Defendant relies on ORS 136.425(2), which requires corroborating evidence of confessions to support convictions of crimes. The state argues that ORS 136.425(2) does not apply here because it applies only to criminal proceedings, and not to probation revocation hearings or other proceedings.
*828 We review a trial court's decision to revoke probation for abuse of discretion.
*385 State v. Hammond , 218 Or. App. 574, 577, 180 P.3d 137 (2008). Whether ORS 136.425(2) requires corroborating evidence of defendant's admission of a probation violation to support revocation of probation is a question of law. See State v. Zuniga , 288 Or. App. 742, 743, 407 P.3d 961 (2017).
ORS 136.425(2) provides:
"[A] confession alone is not sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed."
The statute plainly states that an uncorroborated confession is insufficient to support conviction of a crime.
It is well-settled that a probation revocation hearing is not a criminal proceeding; rather, probation hearings occur after convictions that result from criminal proceedings. See, e.g. , State v. Gonzalez , 212 Or. App. 1, 4-5, 157 P.3d 266 (2007) ; State v. Maricich , 101 Or. App. 212, 214, 789 P.2d 701 (1990) ; State v. Kissell , 83 Or. App. 630, 634, 732 P.2d 940, rev. dismissed , 303 Or. 369, 736 P.2d 564 (1987) ; State v. Eckley , 34 Or. App. 563, 567, 579 P.2d 291 (1978) ; Minnesota v. Murphy , 465 U.S. 420, 435 n. 7, 104 S.Ct. 1136, 79 L.Ed. 2d 409 (1984). When probation is revoked because a defendant violated the terms of probation, the resulting sanction imposed by the trial court is punishment not for the violating conduct, but rather for the crime underlying the conviction. State v. Lane , 357 Or. 619, 627, 355 P.3d 914 (2015) ; Eckley , 34 Or. App. at 567, 579 P.2d 291 ("The function of the [probation revocation] proceeding is not to punish [a] defendant for a new crime. * * * Rather, the function is to determine whether to impose or execute a sentence for the offense of which defendant has already been convicted and for which probation was granted."). Accordingly, when the trial court revoked defendant's probation, defendant was neither being convicted nor receiving a sentence for using controlled substances while on probation. Instead, defendant was being ordered to serve a sentence for the crimes underlying the conviction for which probation was originally granted.
Because defendant was not being convicted when the trial court revoked his probation, ORS 136.425(2) does *386 not apply.[1] Defendant cites no other authority for his contention that an uncorroborated admission is insufficient as a matter of law to support revocation.
Affirmed.

Our conclusion is not inconsistent with State v. Hauskins , 251 Or. App. 34, 281 P.3d 669 (2012), in which we concluded that ORS 136.425 applies to contempt proceedings even though "ORS 136.425 applies only to crimes, and * * * contempt is not a crime." Id. at 40, 281 P.3d 669. Our decision in that case relied on ORS 33.065(6), which "provides that all of the statutory protections of criminal cases are applicable in punitive contempt proceedings." Id. Defendant does not assert that ORS 33.065, or any other statute, similarly extends the reach of ORS 136.425 to probation proceedings.