Submitted June 18, 2020, affirmed July 28, 2021

STEVEN PAUL BLAYLOCK,
*Petitioner-Appellant,*

*v.*

Garrett LANEY,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
16CV08541; A169407

494 P3d 1000

Petitioner appeals a judgment denying his petition for post-conviction relief from his conviction for murder constituting domestic violence, ORS 163.115. He alleges that his lawyers were inadequate, in violation of Article I, section 11, of the Oregon Constitution and ineffective, in violation of the Sixth Amendment to the United States Constitution, and that the post-conviction court erred in concluding otherwise. Petitioner assigns error to the post-conviction court's rejection of petitioner's claims that trial counsel inadequately handled vouching testimony from five witnesses. In a *pro se* supplemental brief, petitioner also contends that counsel was ineffective for not impeaching certain witnesses about the victim's violent tendencies and inadequate in advising him about his right to testify and for not requesting a limiting instruction for prior bad acts evidence. *Held*: The post-conviction court did not err. Petitioner was not prejudiced by the alleged vouching testimony. As for the claim pertaining to impeachment, petitioner's argument on appeal failed because it did not address the post-conviction court's basis for denying relief. His right-to-testify claim failed because it was contrary to supported factual findings made by the post-conviction court. And counsel's decision to not request a limiting instruction, on this record, did not represent a suspension of reasonable professional skill and judgment.

Affirmed.

Linda Louise Bergman, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant. Steven Paul Blaylock filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from his conviction for murder constituting domestic violence, ORS 163.115. Accepting the post-conviction court's supported implicit and explicit factual findings and reviewing for legal error, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

The facts underlying petitioner's criminal conviction are set forth in the opinion we issued in petitioner's direct appeal, *State v. Blaylock*, 267 Or App 455, 456-60, 341 P3d 758 (2014), *rev den*, 357 Or 299 (2015). Briefly, petitioner killed his wife. He initially made up stories about his wife leaving him, and even participated in a search party for her. Suspicious that petitioner was not telling the truth about his wife's disappearance, police obtained a warrant to search his house, discovering a letter that petitioner had written— an apparent intended suicide note—in which he admitted to killing his wife. Petitioner then admitted that he had killed his wife but told officers that he did so in self-defense, after he woke up to find his wife physically attacking him. While in jail, he wrote another letter to a relative repeating the self-defense version of events. Consistent with these latter stories, petitioner's defense at trial was self-defense. The jury rejected that defense and found petitioner guilty of murder constituting domestic violence. *See generally id*. We affirmed petitioner's conviction and sentence on appeal but remanded to the trial court for entry of a corrected judgment omitting an impermissible "no contact" provision contained therein. *Id*. at 475. Petitioner sought review in the Supreme Court but his petition was denied. *State v. Blaylock*, 357 Or 299, 353 P3d 594 (2015).

Petitioner thereafter initiated the current post-conviction proceeding. He alleged that his trial and appellate lawyers were inadequate, in violation of Article I, section 11, of the Oregon Constitution, and ineffective, in violation of the Sixth Amendment to the United States Constitution, in multiple respects. The post-conviction court denied relief and petitioner appealed.

On appeal, petitioner has submitted a brief through counsel as well as a *pro se* brief raising three additional

assignments of error. For the reasons that follow, we reject each of them.

Petitioner's first four assignments of error are of a piece. Each contends that the post-conviction court erred when it rejected petitioner's claims regarding trial counsel's handling of alleged vouching testimony by Hartley, Tabor, and Lasseter, all of which spoke to lies by petitioner. As we understand its ruling, the post-conviction court denied relief on those claims based on its determination that, in the context of petitioner's case—in which petitioner acknowledged lying to the police about killing his wife for a period of time—petitioner was not prejudiced by the challenged testimony.

On review of the record, including the evidence admitted and, most pertinently, the parties' specific theories of the case, we agree with the post-conviction court's assessment. For purposes of Article I, section 11, a petitioner is prejudiced by an act or omission by trial counsel if that act or omission tended to affect the result of the prosecution. *Johnson v. Premo*, 361 Or 688, 710-11, 399 P3d 431 (2017). A comparable standard governs the determination of prejudice under the Sixth Amendment. *Id*. at 699-700. As the superintendent notes, it was not disputed—and very much in evidence—that petitioner told a number of lies about what happened to his wife before ultimately acknowledging that he killed her. Given that, the challenged testimony would not likely have been understood by the jury to comment on the truthfulness of petitioner's claim of self-defense, as distinct from the number of false statements that petitioner made before confessing to killing his wife, and, thus, had no tendency to affect the jury's assessment of the key issue: whether petitioner's killing of his wife was in self-defense.

Petitioner's fifth assignment of error challenges trial counsel's handling of alleged vouching testimony of a different nature. In that testimony, a coworker of the victim described what kind of person she was, stating, among other things, that, when there were tough situations at work, "She would be very—she would be calming. She would talk it out. She was firm. But she was kind. You could always count on [her] to tell you the truth, tell you what she thought."

Trial counsel objected to that testimony, and the trial court sustained the objection, but counsel did not move to strike or request a curative instruction. Rejecting petitioner's contention that trial counsel was constitutionally deficient for not moving to strike and request a curative instruction, the post-conviction court ruling, as we understand it, was that petitioner was not prejudiced.

On review of the record, we agree with the post-conviction court's ruling. We acknowledge that the victim's credibility was, to some extent, at issue in the case. That is because statements that the victim had made about abuse by petitioner were admitted at trial to counter petitioner's claim of self-defense. Nevertheless, the record demonstrates that the testimony that petitioner challenges did not have a tendency to affect the jury's assessment of petitioner's self-defense claim for several reasons.

First, trial counsel objected to the testimony, the objection was sustained, and the jury was instructed not to consider evidence to which an objection had been sustained: "When I have sustained objections to evidence or ordered that certain evidence be stricken or excluded from your consideration, you must follow these rulings. Do not consider such matters during your deliberations." Thus, the jury was told explicitly not to take the objected-to testimony into account. Second, in context, the challenged testimony did not suggest that any particular statement of the victim was true or false; rather, it suggested that, to her friends and coworkers, the victim was the kind of person who honestly communicated her opinion. Third, part of petitioner's theory of defense was that the victim had a side that emerged at home that her friends and coworkers simply were not aware of; that is, that the victim may have been a great friend to them but not the same to her husband. In view of all those circumstances, the failure to move to strike the challenged testimony had no tendency to affect the outcome of petitioner's trial.

Turning to the contentions in petitioner's *pro se* supplemental brief, petitioner first contends that the post-conviction court erred in denying relief on his claim that counsel was inadequate for not impeaching several witnesses

about the victim's violent tendencies; in his brief to us, he argues the claim on the merits. The superintendent responds that this merits issue is not before us because the court granted summary judgment on that claim for a procedural reason: petitioner did not support it with admissible evidence. Petitioner's failure to challenge the court's summary judgment ruling, according to the superintendent, means he has not established grounds for reversal. We agree. Petitioner's arguments to us identify no error in the court's actual basis for rejecting that claim.

Next, petitioner contends that the post-conviction court erroneously denied relief on his claim that counsel inadequately advised him about his right to testify. That contention is contrary to supported factual findings made by the post-conviction court about the advice provided to petitioner. Those findings bind us, *Green*, 357 Or at 312, and compel us to reject petitioner's claim of error on appeal.

Finally, petitioner contends that the post-conviction court erred in denying relief on his claim that trial counsel was inadequate for not requesting a limiting instruction regarding prior bad acts evidence. The superintendent responds that that claim is not adequately preserved because petitioner did not support it with evidence or argument below, and also that the arguments raised on appeal were not in any way presented to the post-conviction court. The superintendent argues that, if it is preserved, petitioner has not demonstrated that reasonable counsel necessarily would have requested a limiting instruction—particularly where, as here, counsel used petitioner's prior altercations with the victim to support the defense theory that the victim was aggressive and the aggressor in this instance.

Having reviewed petitioner's trial memorandum, we reject the superintendent's contention that petitioner's arguments to us are unpreserved. They, by and large, echo the contentions contained in the trial memorandum.

As for the merits, trial counsel explained in his affidavit that, although he could not remember why, having objected to the evidence, they did not request a limiting instruction, he thought that it was because they decided

to use the evidence of prior altercations to support petitioner's claim of self-defense in a way that would not have been consistent with a limiting instruction. As the superintendent points out, the trial transcript reflects that that was, indeed, part of the defense strategy. For example, trial counsel pointed out that, although the victim had told one of her friends that petitioner was abusive, that friend never observed physical manifestations that would be consistent with her claims of abuse. Although that strategy ultimately was not successful, it "does not represent a suspension of reasonable professional skill and judgment," which was part of what petitioner was required to show to prevail on his claims of inadequate and ineffective assistance of counsel. *Stephens v. Persson*, 291 Or App 278, 291, 420 P3d 663, *rev den*, 363 Or 481 (2018).

Affirmed.