Submitted September 29, affirmed October 27, 2021, petition for review denied April 7, 2022 (369 Or 507)

DONALD LEE MANDELL,
aka Donald L. Mandell,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
18CV01911; A171428

500 P3d 762

J. Burdette Pratt, Senior Judge.

Harrison Latto filed the opening brief for appellant. Donald Lee Mandell filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals from a judgment denying his petition for post-conviction relief. In his brief submitted through counsel, petitioner assigns error to the post-conviction court's denial of relief on his claim that trial counsel was inadequate and ineffective, in violation of Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, for failing to object to alleged vouching testimony. *See, e.g., Gable v. State of Oregon*, 353 Or 750, 758, 305 P3d 85 (2013) (stating standard for Article I, section 11, claim); *Strickland v. Washington*, 466 US 668, 687, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (stating standard for Sixth Amendment claim). In a *pro se* supplemental brief, petitioner identifies 10 other alleged deficiencies with counsel's performance. On review for legal error, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

*Vouching.* Petitioner contends that his trial counsel was inadequate and ineffective for not objecting to (1) a question, which the prosecutor asked the detective who interviewed petitioner, about discrepancies between petitioner's version of events and the victim's version of events; and (2) the detective's response to that question, about the possible meanings of that discrepancy. Petitioner maintains that this answer constituted impermissible vouching, that the prosecutor's question eliciting it was improper, and that trial counsel should have objected to both.

In response, the superintendent argues that petitioner's claim about the question—as distinct from the answer—was not alleged in his post-conviction petition, and was not argued below, making it unpreserved. As for the claim about the answer, the superintendent argues that the detective's statement did not constitute vouching. Because the testimony was not vouching, the superintendent reasons, trial counsel reasonably did not raise a vouching objection and petitioner was not prejudiced by the omission of any such objection.

We agree with the superintendent. Petitioner's contention that trial counsel was inadequate for not objecting to the prosecutor's question was neither alleged in the petition nor otherwise argued below, so we reject it as unpreserved.

As for the contention that trial counsel was inadequate for not objecting to the detective's testimony as impermissible vouching, that fails because the testimony was not vouching testimony. "'Vouching' refers to the expression of one's personal opinion about the credibility of a witness." *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). The detective's challenged statement here cannot reasonably be understood to express the detective's personal opinion about defendant's credibility. Accordingly, because the testimony was not vouching testimony, trial counsel did not perform deficiently when he did not raise a vouching objection, and petitioner was not prejudiced by the lack of a vouching objection because it would not have succeeded. *See Warren v. Baldwin*, 140 Or App 318, 322, 915 P2d 1016, *rev den*, 324 Or 229 (1996) (no prejudice results from trial counsel's failure to file a motion if the motion would not succeed).

Pro se *supplemental brief.* In his *pro se* supplemental brief, defendant identifies 10 additional ways in which, he contends, trial counsel rendered constitutionally deficient assistance. Those specifications are not supported by adequately developed argument for us to consider them and we reject them for that reason. *See, e.g.*, *State v. Dawson*, 277 Or App 187, 190, 369 P3d 1244, *rev den*, 359 Or 847 (2016) (Court of Appeals will decline to consider assignments of error that are not supported by adequately developed argument; court will not develop argument for a party). In addition, we note that at least some of the specifications were not included in the post-conviction petition. Although petitioner filed a motion under *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), seeking to include them, the court denied that motion and petitioner has not assigned error to the court's *Church* ruling. For that additional reason, the contentions in the *pro se* supplemental brief do not supply a basis for reversal. *Blaylock v. Laney*, 313 Or App 519, 523-24, 494 P3d 1000 (2021) (rejecting assignment of error that failed to engage with the basis for the trial court's ruling).

Affirmed.