***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted February 9, affirmed March 8, petition for review denied May 18, 2023 (371 Or 106)

MICHAEL GREEN,
nka Michael Sean Green,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
18CV53422; A175568

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. In a single assignment of error, he asserts that the post-conviction court erred when it "denied relief on petitioner's first claim." For the reasons explained below, we affirm.

Petitioner was charged with multiple sexual offenses committed against his daughter, B, and, in a separate charging instrument, charged with multiple sexual offenses committed against his other daughter, C. The state moved to consolidate the charges in the two cases, and trial counsel argued against consolidation on the basis that it would create a "substantial risk of prejudice" to petitioner. The trial court rejected that argument and ordered the charges consolidated.

In his petition for post-conviction relief, petitioner alleged that his trial counsel rendered inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution. In his first claim for relief, petitioner asserted that trial counsel was inadequate and ineffective in failing to file a motion to sever trial of the charges involving B from those involving C. Petitioner argues trial counsel should have done so pursuant to ORS 132.560(3), which provides that, if it "appears upon motion, that the state or defendant is substantially prejudiced by a joinder of offenses * * *, the court may order an election or separate trials of counts or provide whatever other relief justice requires." Petitioner notes that trial counsel did argue against consolidation, but he asserts that trial counsel did not do so "under the proper subsection of ORS 132.560." The post-conviction court denied relief on that claim, determining that trial counsel was not deficient and, in any event, that petitioner had not established prejudice.

Accepting "the post-conviction court's findings of historical fact if those findings are supported by the evidence in the record," and "review[ing] the post-conviction court's denial of relief for legal error," *Cartrette v. Nooth*, 284 Or App 834, 840, 395 P3d 627 (2017), we conclude that the post-conviction court did not err in determining that

petitioner had not met his burden to establish that trial counsel was deficient and establish prejudice: Trial counsel argued against consolidation on the basis that consolidation would "create[ ] a substantial risk of prejudice against [petitioner]," and petitioner has not demonstrated that a separate motion to sever charges pursuant to ORS 132.560(3) after consolidation would have been successful. *See Mandell v. Cain*, 315 Or App 471, 473, 500 P3d 762 (2021), *rev den*, 369 Or 507 (2022) ("[B]ecause the testimony was not vouching testimony, trial counsel did not perform deficiently when he did not raise a vouching objection, and petitioner was not prejudiced by the lack of a vouching objection because it would not have succeeded."). Consequently, we conclude that the post-conviction court did not err in rejecting petitioner's first post-conviction claim, and we affirm.

Affirmed.