***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted October 6, 2022, affirmed March 29, petition for review denied June 29, 2023 (371 Or 284)

HARRIS MaCLEOD ORIANS,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Washington County Circuit Court
19CV27932; A174883

Patricia A. Sullivan, Senior Judge.

Margaret Huntington argued the cause for appellant. Also on the briefs was O'Connor Weber LLC.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

A jury found petitioner guilty of third-degree sexual abuse and harassment. At trial on his petition for post-conviction relief, he argued that his trial counsel was constitutionally ineffective because counsel failed to prepare him to testify about a prior instance of bad conduct.[1] The post-conviction court concluded that petitioner failed to establish the merits of his claim and denied petitioner's request for relief. On appeal, petitioner assigns error to the post-conviction court's decision, arguing that his trial counsel was ineffective by failing to argue to the jury that petitioner's prior-bad-act trial testimony made petitioner more trustworthy. The state contends that petitioner's argument has shifted and is not preserved, which petitioner disputes. Because we agree that petitioner did not preserve his argument, which obviates the need to address its merits, we affirm the post-conviction court's judgment.

We begin by providing the undisputed procedural background facts that contextualize the preservation issue. A jury convicted petitioner of sexual abuse and harassment of his housemate, T. Seeking post-conviction relief, he asserted that his trial counsel failed to prepare him to testify about an unrelated incident between petitioner and T's grandfather, for which petitioner was charged and acquitted of assault, and that trial counsel made a mistake in eliciting his testimony on that issue. In a written declaration, trial counsel asserted that counsel had advised petitioner to testify about the incident for a strategic reason; the state argued in its trial brief that petitioner's testimony was not an error but rather was a strategy to boost petitioner's credibility. The post-conviction court concluded that petitioner had failed to establish the merits of his claim, finding credible trial counsel's assertion as to the strategy for offering petitioner's testimony.

In his assignment of error, petitioner's main argument is that trial counsel was ineffective by failing to reasonably execute counsel's trial strategy. Specifically,

---

[1] Under both the Oregon and United States Constitutions, a criminal defendant is entitled to the adequate and effective assistance of counsel. Or Const, Art I, § 11; US Const, Amend VI.

petitioner argues that trial counsel failed to present suffi-cient argument to the jury during closing as to why peti-tioner's trial testimony regarding the incident with T's grand-father made petitioner more trustworthy. The state asserts that petitioner's argument is unpreserved because it differs from his claim below. In response to the state's preservation challenge, petitioner contends that the issue on appeal is preserved as a subset of the claim alleged in his petition or, alternatively, was argued by implied consent as deter-mined in *Ogle v. Nooth*, 365 Or 771, 782, 453 P3d 1274 (2019) ("[U]nder ORCP 23 B, if an unpleaded issue is tried by express or implied consent, the issue shall be treated as if it had been pleaded.").

After reviewing the record, we are unpersuaded by petitioner's arguments regarding preservation. Petitioner first argues that his statement during the post-conviction hearing—asserting that if offering his testimony at issue was "such an imperative tactical decision," trial counsel should have articulated that theory to the jury—was a chal-lenge to trial counsel's strategy. However, the record shows that petitioner made the reference to a "tactical decision" in the context of arguing that petitioner's "point of view"—that trial counsel did not prepare him to testify—was the most credible read on what happened. That is, petitioner argued that the court should believe his primary claim that a dis-cussion in preparation for his testimony "never took place." We thus conclude that petitioner's argument on appeal is distinct from his claim below, rather than a subset of that claim, and was not argued before the post-conviction court. *See Mandell v. Cain*, 315 Or App 471, 472, 500 P3d 762 (2021), *rev den*, 369 Or 507 (2022) (a claim that "was neither alleged in the petition nor otherwise argued below" is unpreserved). Accordingly, we reject petitioner's first argument.

Petitioner's alternative argument under *Ogle* is similarly unavailing. Petitioner asserts that his claim at the hearing and on appeal is consistent with his overall claim that trial counsel failed to advise petitioner not to testify and directly responds to trial counsel's "strategy" asserted below. He further asserts that the state had an opportu-nity to object to his argument at the hearing, but it did not.

However, as we explained above, the record does not support a conclusion that petitioner had challenged counsel's execution of his strategy during the hearing, so we disagree that the state had an opportunity to object. *See State v. Haynes*, 352 Or 321, 335, 284 P3d 473 (2012) (to properly preserve an issue for review, a party's argument must be such that "the other part[y] and the court would understand [the arguing party to be referencing] a particular legal or factual argument[] and also would understand * * * the essential contours of the full argument"). At no point did petitioner explicitly or implicitly indicate that his reference to trial counsel's tactical decision was an objection to whether trial counsel's strategy was executed well. Therefore, petitioner's alternative argument offers no basis for us to conclude that his claim is preserved under *Ogle*.

In sum, as the state contends, petitioner's overall claim on appeal—concerning whether trial counsel's strategy during his closing argument to the jury was deficient—is separate and distinct from petitioner's argument below. Because we conclude that petitioner did not litigate that separate claim, his argument on appeal is unpreserved, which obviates the need to review the merits of petitioner's claims. *See Mandell*, 315 Or at 472 (rejecting to review the merits of a claim that "was neither alleged in the petition nor otherwise argued below"); *see also* ORAP 5.45(1) (Appellate courts generally will not review a claim of error that was not preserved in the lower court.).

Affirmed.