***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted September 18, affirmed October 11, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE TOMAS CHAN-MAY,
aka Jose Tomas Chanmay,
*Defendant-Appellant.*
Multnomah County Circuit Court
15CR57569; A178001

Michael A. Greenlick, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from the trial court's judgment finding him in violation of a condition of his probation. In one assignment of error, defendant contends for the first time that the court erred because the Due Process Clause of the United States Constitution required application of the *corpus delicti* rule to his confession for having violated a condition of his probation. Below, defendant made a different argument—that under ORS 136.427 and our case law, it was not clear whether or not a confession alone would be sufficient to find defendant in violation of his probation. Defendant's argument is thus unpreserved. *See Mandell v. Cain*, 315 Or App 471, 472, 500 P3d 762 (2021), *rev den*, 369 Or 507 (2022) (a claim that was not argued below is unpreserved).

Despite defendant's unpreserved argument, he has not asked for plain error review. Regardless, we conclude that the trial court did not plainly err. First, it is not obvious or beyond reasonable dispute that the *corpus delicti* rule applies to probation revocation hearings. *See State v. Reyes-Camarena*, 330 Or 431, 436, 7 P3d 522 (2000) (rejecting an argument that an error was plain where the legal point on which the defendant relied was not obvious and was reasonably in dispute). Second, in *State v. Bastow*, 292 Or App 383, 385, 424 P3d 826 (2018), we held that the requirement in ORS 136.425(2), that confessions be corroborated, applies only to convictions.

Affirmed.