In an action to recover on a policy of burglary insurance, the appeals are (1) from so much of an order dated October 21, 1957 as on respondents’ motion strikes certain items from appellant’s demand for a bill of particulars as to respondents’ claim, and (2) from so much of an order dated November 1, 1957 as denies appellant’s motion to strike items 3, 4, 5, 7, 8, 10, 11, 12, 17, 18, 19, 20, 21, 22, 23, 24 and 25 from respondents’ demand for a bill of particulars as to appellant’s defenses. Order dated October 21, 1957 modified by striking therefrom the first ordering paragraph. Order dated November 1, 1957 modified by striking from the first ordering paragraph everything between the figure “ 2 ” and the words “ and that ” and by substituting therefor “3, so much of item 4 as seeks particulars as to how appellant knew the statements to be false and fraudulent, 6, 9, 13, 18, 20, 22, 23 and 24 in said demand for a bill of particulars, dated September 24, 1957 are hereby vacated”. As so modified, orders insofar as appealed from affirmed, without costs. The office of a bill of particulars is to amplify the pleading, to limit the proof and to prevent surprise at the trial. The granting of a bill of particulars depends upon what the aggrieved party claims the facts are, and not upon the adversary’s knowledge thereof, nor upon the actual facts. (Dwyer v. Slattery, 118 App. Div. 345.) Liberality in granting bills of particulars is the general rule. (Elman v. Ziegfield, 200 App. Div. 494.) Particulars which involve a disclosure of evidence may not be had. (Elman v. Ziegfield, supra.) When matter is pleaded as a separate and distinct defense which could be proved under a general denial, a plaintiff is entitled to a bill of particulars under rule 115 of the Rules of Civil Practice. (Kanter v. Cooper, 277 App. Div. 1143; Burns v. Lipson, 204 App. Div. 643.)
Nolan, P. J., Wenzel, Beldock, Ughetta, Kleinfeld, JJ., concur.