197 P.3d 796

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Edward CLARK, Defendant–Appellant.**

**No. 34537.**

Court of Appeals of Idaho.

Nov. 14, 2008.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.

**484**

PER CURIAM.

William Edward Clark appeals from his judgment of conviction for leaving the scene of an injury accident, I.C. § 18-8007, and for injury to a child. I.C. § 18-1501(1). On appeal, Clark contends that the district court erred in imposing sentence without waiting two days or allowing Clark an opportunity to allocute, both of which are required by Idaho Criminal Rule 33(a)(1). He asserts that this error necessitates a new sentencing hearing. The state counters that failure to comply with the strictures of I.C.R. 33(a)(1) is harmless error because the sentence was imposed pursuant to a binding I.C.R. 11 plea agreement.

Idaho Criminal Rule 33(a)(1) provides that:

> After a plea or verdict of guilty, if the judgment be not arrested nor a new trial granted, the court must appoint a time for pronouncing judgment and sentence, which, in cases of felony, must, unless waived by the defendant, be a least two (2) days after the verdict. Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally to ask if the defendant wishes to make a statement and to present any information in mitigation of punishment.

■ The plain language of the rule makes it clear that the waiting period requirement is strict. Rule 33(a)(1) states that the district court "must appoint a time for pronouncing judgment and sentence, which, in cases of felony, must, unless waived by the defendant, be at least two (2) days after the verdict." Idaho Criminal Rule 33(a)(1) also requires that, "[b]efore imposing sentence the court shall ... address the defendant personally to ask if the defendant wishes to make a statement and to present any information in mitigation of punishment." This rule gives a criminal defendant "the absolute right to speak on his or her own behalf at sentencing." *Mata v. State*, 124 Idaho 588, 591, 861 P.2d 1253, 1256 (Ct.App.1993). Here, there is no dispute that the district court failed to adhere to the requirements of I.C.R. 33(a)(1).

■ However, any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. I.C.R. 52. With limited exceptions, even constitutional error is not necessarily prejudicial error. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct.App.1983). As the state points out, the binding I.C.R. 11 plea agreement dictates the sentence to be imposed. By accepting Clark's plea of guilty, the district court was limited to the terms of the plea agreement, including the sentence to be imposed. *State v. Wilson*, 127 Idaho 506, 512-13, 903 P.2d 95, 101-02 (Ct.App.1995). Because Clark received the sentence provided for in the plea agreement, no different outcome could possibly result from resentencing. Therefore, the procedural errors that occurred with regard to sentencing in this case are considered harmless.

Accordingly, the judgment of conviction and sentences are affirmed.