Argued and submitted May 30, remanded for resentencing, otherwise affirmed
August 29, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMIE WAYNE DAWSON,
*Defendant-Appellant.*

Washington County Circuit Court
D092570T; A145795

284 P3d 1272

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Justice J. Rillera, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.

BREWER, J.

### BREWER, J.

Defendant was tried by a jury and found guilty of driving under the influence of intoxicants (DUII), ORS 813.010; and reckless driving, ORS 811.140. On appeal, defendant asserts that the trial court erred in denying him the right, under ORS 137.020(2)(a), to a delay of at least two calendar days between the jury's verdict and the time for pronouncement of judgment. In addition, defendant assigns error to the trial court's refusal to permit him to challenge, at sentencing, the validity of a prior DUII conviction where the state sought to use that conviction to permanently revoke his driving privileges. We remand for resentencing and otherwise affirm.

A jury convicted defendant of DUII and reckless driving on May 27, 2010. After the court received the verdict, defendant requested a two-day delay before sentencing; the trial court denied that request and proceeded immediately to sentencing. During argument at sentencing, defendant tried to challenge the validity of one of his two prior DUII convictions. The trial court rejected that challenge. Because it is dispositive, we begin with defendant's challenge to the trial court's denial of his right to a delay in sentencing under ORS 137.020(2)(a).

ORS 137.020 provides, in pertinent part:

"(1)   After a plea or verdict of guilty, or after a verdict against the defendant on a plea of former conviction or acquittal, if the judgment is not arrested or a new trial granted, the court shall appoint a time for pronouncing judgment.

"(2)(a)   The time appointed shall be at least two calendar days after the plea or verdict if the court intends to remain in session so long. If the court does not intend to remain in session at least two calendar days, the time appointed may be sooner than two calendar days, but shall be as remote a time as can reasonably be allowed. However, in the latter case, the judgment shall not be given less than six hours after the plea or verdict, except with the consent of the defendant."

After the jury convicted defendant, his attorney advised the court that defendant intended to challenge one

of the prior DUII convictions that the prosecutor intended "to use as a basis to enhance the penalties" at sentencing. The prosecutor then told the court about the circumstances of the prior conviction and asserted, after reminding the court of some of the evidence at trial, that this case was more aggravated than "the standard DUI." The court replied, "You're about to get my emotions all riled up." Shortly thereafter, the following colloquy took place between defendant, his counsel, and the trial court:

"[DEFENSE COUNSEL]: Your Honor, before I start, I'd like to note my client would like to address whether he'd like to wait his Constitutionally allowable 48 hours prior to being sentenced.

"[THE COURT]: And where did you—where—which constitution does that?

"[DEFENSE COUNSEL]: My understanding is that [defendants] have—statutorily they have a right—

"[THE COURT]: Show me the statute.

"[DEFENSE COUNSEL]: —to wait 48 hours. I can't remember it off the top of my head, Your Honor, I'm—

"[THE COURT]: Of course you can't, because [a former judge of that court] made it up 35 years ago.

"[DEFENSE COUNSEL]: Well—

"[THE COURT]: There was one at one time, but it's gone to the best of my knowledge.

"[DEFENSE COUNSEL]: Well, in that case could we at least inquire of my client as to whether he wants to—

"[THE COURT]: Sure.

"[DEFENSE COUNSEL]: proceed with sentencing right now or whether he would like to wait? Do you want to go forward with sentencing right now or do you want to wait?

"[DEFENDANT]: I'd like—I'd like to wait a little bit. I mean I've got some—

"[THE COURT]: OK, We'll let you wait about 30 seconds."

During the ensuing sentencing hearing, the court commented, in response to defense counsel's brief argument, "And what do you do with the perjury that he committed over and over and over and over again[.]" After defendant made a brief statement in allocution, the court repeated, "You're extremely and extraordinarily dangerous. And the fact that you'll sit on that stand under oath and lie and lie and lie and lie tells me what your mind-set is: I'll do whatever I can do to get to the point that I can have some alcohol. Well, you don't get alcohol for a long time." On the DUII charge, the trial court sentenced defendant to three years' supervised probation subject to general and special conditions, including six months in jail with no access to alternative incarceration programs, alcohol abuse evaluation and treatment, a $2,000 fine, no contact with the victim, and a lifetime revocation of his driver's license. On the reckless driving charge, the court sentenced defendant to three years' probation subject to the same general and special conditions, except that, in addition, the court ordered defendant to serve 90 days in jail with access to alternative programs, and it did not impose a fine.

We review the trial court's refusal to allow the requested sentencing delay for errors of law. *State v. Foster*, 186 Or App 466, 468, 63 P3d 1269 (2003). The state concedes that the court erred in the asserted respect. That concession is well taken, and we accept it. Although defendant's counsel could not remember the correct statutory reference to ORS 137.020(2)(a), he clearly asserted on defendant's behalf the right embodied in that statute, and the trial court was mistaken in opining that the statutory right to a sentencing delay had been repealed.

The issue thus reduces to whether, as the state remonstrates, the error was harmless. The state asserts:

"Defendant is not challenging his actual sentence, so a resentencing would result in the same sentence. Further, he has not indicated that he was prejudiced in any way by the trial court's failure to provide him with the two-day waiting period he had requested."

In response, defendant argues that the trial court essentially cut off his attempt to explain why he wished to assert his right to delay the pronouncement of sentence and that, in order to establish that the court's action prejudiced him, he

must only show that the court's error could have affected his rights. Among those possibilities, defendant suggests that the court's action impaired his ability to prepare for his allocution at sentencing, to consider whether to call witnesses at sentencing, to refine his effort to collaterally challenge one of his prior DUII convictions, and to mitigate by the passage of time the risk that the court would make a hasty and ill-considered sentencing decision because of the temporal proximity of its sentencing decision to the emotional context of the trial.

Defendant relies on this court's decision in *State v. French*, 208 Or App 652, 145 P3d 305 (2006), where we held that the trial court's failure to provide the defendant with statutorily prescribed notice that the court was modifying the judgment in his case pursuant to ORS 138.083 was not harmless error. The state had argued that the defendant had failed to show prejudice because the trial court previously had considered and rejected the defendant's objection to the imposition of a consecutive sentence. According to the state, even if the defendant had been present when the trial court amended the written judgment to reflect that ruling and reiterated his objection, the trial court likely would have denied his request again. In rejecting that argument, we said:

> "While that proposition may be true, it does not follow that there was an absence of prejudice. '[T]he mere fact that a defendant's statements regarding his sentence are likely not to affect the sentencing court does not itself render the defendant's absence harmless error.' *State v. Jacobs*, 200 Or App 665, 674, 117 P3d 290 (2005) (citing *State v. DeCamp*, 158 Or App 238, 242, 973 P2d 922 (1999)). If [the] defendant had been given the statutorily prescribed notice, he would have had the opportunity to request a hearing or file a pleading, and he may have argued, among other things, that the court lacked jurisdiction [to amend the judgment.] *** 'Regardless of whether [the] defendant's argument[s] *** were correct, he had the right to make [them].' *Jacobs*, 200 Or App at 674. We therefore conclude that the trial court's error in not notifying [the] defendant of its intent to modify his sentence was not harmless."

*Id.* at 658 (third and fourth brackets in *French*). Defendant analogizes the circumstances here, where he asserts that he was given inadequate time to prepare and insufficient

distance from the context of the trial, to not being fully present at the hearing.

A trial court has a duty to pass sentence in accordance with the pertinent sentencing statutes, ORS 137.010(1), and a sentence's validity is determined solely by how well it comports with those statutes. *State v. Horsley*, 168 Or App 559, 562, 7 P3d 646 (2000). However, the court's failure to comply with the sentencing statutes does not require reversal and remand for resentencing unless the error "prejudiced the defendant in respect to a substantial right." *See* ORS 131.035. Deciding whether the court's failure to allow a sentencing delay in this case caused such prejudice requires an examination of the record in light of the nature and purposes of the statutory right.

ORS 137.020(2) has existed in essentially identical form, through predecessor statutes, since the adoption of the *Deady Code*. General Laws of Oregon, ch XX, § 177, p 471 (Deady 1845-1864). Our examination of its roots leads us to similarly worded statutes that were adopted throughout the United States beginning in the mid-1800's.[1] One of the earliest source statutes that we have identified is a California statute that was enacted in 1851. *People v. Noll*, 20 Cal 164, 165, 1862 WL 523 (1862) (construing "[s]ection 448 of the Criminal Practice Act [that] was passed *** in 1851, and is as follows: 'The time appointed (for pronouncing judgment after a plea or verdict of guilty) shall be at least two days after the verdict, if the court intend to remain in session so long, or if not, as remote a time as can reasonably be allowed. But in no case shall judgment be rendered in less than six hours after the verdict.'").

Although no Oregon decision has examined the purposes underlying ORS 137.020(2)(a), courts in other jurisdictions with similar statutes have done so.[2] An obvious

---

[1] Similarly worded statutes were addressed in, among other decisions, *State v. Clark*, 146 Idaho 483, 197 P3d 796 (2008); *Kelbach v. McCotter*, 872 P2d 1033 (Utah 1994); *State v. Klein*, 200 NW2d 288 (ND 1972); *Grant v. McLeod*, 325 P2d 1083 (Okla Crim App 1958); *People ex rel Ingber v. Jackson*, 5 AD2d 1019 (NY App Div 1958); *State v. Blackwell*, 198 P2d 280 (Nev 1948); *Lovelace v. Commonwealth*, 147 SW2d 1029 (Ky 1941); *State v. Heaston*, 97 P2d 330 (Mont 1939); *Ex parte Dunn*, 208 NW 224 (SD 1926); *Parrish v. State*, 45 Tex 51, 1876 WL 9176 (1876).

[2] The only Oregon appellate decision that, to date, has construed the statute or any of its predecessor statutes is *Mayhew v. City of Eugene*, 56 Or 102, 112, 104

purpose of such provisions is "to give the defendant time for such further proceedings as may be deemed necessary to protect his rights, including the right to file a motion for new trial or in arrest of judgment." *Boykin v. State*, 190 P2d 471, 472 (Okla Crim App 1948). In a similar vein, the Kentucky Court of Appeals described the purpose of that state's parallel statute as follows:

> "[I]t contains a most solemn and vital right of the accused. Its meaning is upon the surface. It requires no reflection to understand it. It was enacted for the express purpose of giving the accused time in which to show cause against the sentence about to be passed upon him."

*Powers v. Commonwealth*, 83 SW 146, 148 (Ky App 1904). Thus, for example, a defendant might rely on the statutory right in order to (1) consider calling witnesses or adducing other mitigating evidence at sentencing; (2) prepare for his or her allocution; and (3) prepare motions—such as defendant's motion to challenge one of his previous DUII convictions in this case—relating to the duration, terms, and conditions of the sentence, where uncertain issues of law may be implicated.

The state urges that defendant has not shown that he was prejudiced in any of the asserted respects by the trial court's refusal to allow a two-day delay in sentencing in this case. The state notes that defendant has not identified any witnesses or evidence that he could have mustered if he had been given more time, that he did not file a motion for a new trial, that he was given an opportunity to argue his challenge to one of his prior DUII convictions and that he also was afforded an opportunity to allocute. It follows, the state urges, that there is no reason to believe that the trial court would have imposed a different sentence if defendant had been given more time to prepare.

But there also is another, more subtle, purpose instinct in statutes like ORS 137.020(2)(a); that is, to create a measure of distance between the sentencing proceeding and the momentum to pronounce final judgment that often exists in the wake of a criminal trial. *See Grant v. McLeod*,

---

P 727 (1909), where the Supreme Court held that its requirements did not apply to criminal procedure in justice courts.

325 P2d 1083, 1084 (Okla Crim App 1958) (such statutes are "intended to prevent hasty and ill considered judgments"); *Ex parte Dunn*, 208 NW 224, 225 (SD 1926) ("The provisions cited are intended to fix the minimum, and not the maximum, limit for the pronouncing of judgment. They are intended to prevent hasty and ill considered judgments[.]"); *People v. Felix*, 45 Cal 163, 164, 1872 WL 1403 (1872) ("The purpose of the statute seems to be to guard the rights of the prisoner from a hasty or too precipitous entry of judgment against him.").

That concern is manifest in this case. The trial judge acknowledged that the case had had an emotional impact on him; on at least two occasions, he expressed strong contempt for defendant as a perjurer and dangerous individual. The issue before us is not whether the court's assessment of defendant's character was accurate. Nor is the issue whether, given more time to reflect, the court would have imposed the same or a different sentence. Rather, our focus is on the court's disregard of an important statutory right that has existed in this state for more than a century and a half and whose purpose, in part, is to ensure the deliberate and carefully considered pronouncement of judgment in criminal cases. On the record before us, the court's error prejudiced defendant with respect to a substantial right.[3]

Remanded for resentencing; otherwise affirmed.

---

[3] In light of our disposition of defendant's assignment of error based on ORS 137.020(2)(a), we need not address his challenge to the trial court's use of one of his prior DUII convictions as a basis for the permanent revocation of his driving privileges.