Submitted December 18, 2014, affirmed March 30, petition for review denied June 30, 2016 (359 Or 847)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMIE WAYNE DAWSON,
*Defendant-Appellant.*

Washington County Circuit Court
D092570T; A154310

369 P3d 1244

Peter Gartlan, Chief Defender, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Defendant appeals, challenging the permanent revocation of his driving privileges after he was convicted of driving under the influence of intoxicants (DUII), ORS 813.010. The trial court revoked defendant's driving privileges pursuant to ORS 809.235(1)(b), which requires a court to do so when a defendant has been convicted of DUII for a third time. This is defendant's second appeal from his conviction. In his first appeal, defendant successfully argued that the trial court erred in denying him the statutory right to a delay of two days between the jury's verdict and the time for pronouncement of judgment. *State v. Dawson*, 252 Or App 85, 86, 284 P3d 1272 (2012). We agreed and remanded for resentencing. *Id.* at 92. On remand, defendant argued to the trial court that one of his earlier convictions for DUII should not be considered for purposes of ORS 809.235(1)(b) because he was not represented by counsel and did not validly waive his right to counsel. The court rejected that argument and permanently revoked defendant's driving privileges. On appeal, defendant argues that the court erred in doing so because one of his earlier DUII convictions was obtained in violation of Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. The state responds that neither Article I, section 11, nor the Sixth Amendment is implicated here, because a permanent revocation of driving privileges is not the sort of court action that is implicated by either source of law. We conclude that defendant failed to adequately develop an argument under Article I, section 11, and that the Sixth Amendment does not entitle a defendant to mount a collateral attack to an earlier DUII conviction at a hearing sentencing him for a subsequent DUII conviction.[1]

We review defendant's challenge to the propriety of his sentence for legal error. *State v. Vazquez-Escobar*, 211 Or App 115, 117, 153 P3d 168, *rev den*, 343 Or 224 (2007). The relevant facts are procedural and undisputed.

As noted, after we remanded this case for resentencing on an unrelated issue, defendant mounted a collateral

---

[1] Given our conclusion, we need not address whether, in fact, defendant's earlier conviction was obtained in violation of his constitutional rights.

attack on one of his earlier DUII convictions. At the resentencing hearing, defendant testified that he had pleaded guilty to a DUII charge in 1996, but that he had done so without the advice of counsel and that he had not been warned about the risks of proceeding without counsel. Consequently, he was deprived of his right to counsel under both Article I, section 11, and the Sixth Amendment.

The plea petition that defendant signed in 1996 informed him that he had the right to proceed without an attorney and that an attorney would be appointed for him if he could not afford one, but it did not specifically warn him about the risks of proceeding without counsel. The petition also stated, "I make this plea voluntarily and with full understanding of my rights, and the possible consequences that may follow." The 1996 judgment of conviction stated that defendant "knowingly and voluntarily waived his right to counsel."

Article I, section 11, provides, in part:

"In all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel ***."

The Sixth Amendment provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence [sic]."

We begin our analysis with defendant's argument that the court violated his rights under Article I, section 11. *Sterling v. Cupp*, 290 Or 611, 614, 625 P2d 123 (1981) ("The proper sequence is to analyze the state's law, including its constitutional law, before reaching a federal constitutional claim."). Defendant acknowledges that we held in *Vazquez-Escobar* that the permanent revocation of driving privileges under ORS 809.235 is not "greater or additional punishment" for purposes of an *ex post facto* challenge under Article I, section 21, of the Oregon Constitution and Article I, section 10, of the United States Constitution. 211 Or App at 125. However, defendant contends that under Article I, section 11, "the analysis is different." In support of his contention regarding the Oregon Constitution, defendant relies on the Oregon Supreme Court's statement of the test for

what constitutes a violation under the Sixth Amendment. Lacking any argument from defendant as to the relationship of the Sixth Amendment analysis to the question we are considering here—whether the court violated his rights under Article I, section 11—we conclude that defendant's argument is inadequately developed and decline to consider it. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193 (2003) (stating that it is not our proper function "to make or develop a party's argument when that party has not endeavored to do so itself").

We turn to defendant's argument under the Sixth Amendment, which relies on a statement in *City of Pendleton v. Standerfer*, 297 Or 725, 688 P2d 68 (1984). In that case, the Oregon Supreme Court confronted the issue whether denying a defendant the opportunity to participate in DUII diversion based on an earlier uncounseled DUII conviction violated the defendant's rights under the Sixth Amendment. *Id.* at 727. The defendant argued that, because his earlier conviction was uncounseled, it could not serve as a basis to deny him the opportunity to participate in DUII diversion. The state responded that the earlier conviction could be used for that purpose. The state relied on *Baldasar v. Illinois*, 446 US 222, 100 S Ct 1585, 64 L Ed 2d 169 (1980), arguing that the defendant's earlier conviction was not for a felony and did not result in actual imprisonment and, therefore, his conviction did not implicate the Sixth Amendment, which applies only in the event of a felony charge or a misdemeanor resulting in actual imprisonment. *Standerfer*, 297 Or at 730; *see Gideon v. Wainwright*, 372 US 335, 83 S Ct 792, 9 L Ed 2d 799 (1963) (discussing felony charges); *Scott v. Illinois*, 440 US 367, 99 S Ct 1158, 59 L Ed 2d 383 (1979) (discussing misdemeanor charges resulting in actual imprisonment).

The Oregon Supreme Court rejected the state's argument, reasoning, instead, that its decision was not controlled by *Baldasar*, but by a related line of cases that includes *Burgett v. Texas*, 389 US 109, 88 S Ct 258, 19 L Ed 2d 319 (1967). The court noted that "*Burgett* prohibits collateral use of invalid convictions 'to support guilt or enhance punishment.'" *Standerfer*, 297 Or at 730 (quoting *Brugett*, 389 US at 115). Indeed, that prohibition was dispositive to the issue in *Standerfer*, because, as the Oregon Supreme

Court subsequently summarized the state's position in *Standerfer*, "the state sought to use the defendant's prior DUII conviction to, in effect, enhance the sentence for his second conviction." *Bailey v. Lampert*, 342 Or 321, 330, 153 P3d 95 (2007) (discussing *Standerfer*).

On appeal, defendant seizes on more expansive language found in *Standerfer*:

> "Combining [*Burgett* and *United States v. Tucker*, 404 US 443, 92 S Ct 589, 9 L Ed 2d 799 (1972),[2]] the federal prohibition [found in the Sixth Amendment] may be stated as follows: The state cannot use an invalid prior conviction in a subsequent prosecution if to do so would lead to a *disposition* of the subsequent offense less favorable to defendant than that which would obtain in the absence of the prior invalid conviction. Thus, an invalid prior conviction may not be used to support guilt or enhance punishment in a subsequent criminal proceeding."

297 Or at 730-31 (emphasis added). Defendant, in turn, notes that the revocation of driving privileges under ORS 809.235(1)(b) is a "disposition." *See State v. Nave*, 214 Or App 324, 327, 164 P3d 1219 (2007) (so stating). Moreover, defendant notes that a permanent revocation is a less favorable disposition than defendant would have received if the earlier uncounseled conviction was not considered for purposes of ORS 809.235(1)(b). Thus, under the quoted statement in *Standerfer*, defendant argues that the use of an invalid prior conviction to permanently revoke his driving privileges violates his rights under the Sixth Amendment.

The state responds that Oregon courts have long recognized that the suspension or revocation of driving privileges is not punishment. *Burbage v. Dept. of Motor Vehicles*, 252 Or 486, 491, 450 P2d 775 (1969); *State v. Robinson*, 235 Or 524, 532, 385 P2d 754 (1963); *Mannelin v. DMV*, 176 Or App 9, 19, 31 P3d 438 (2001), *aff'd by an equally divided court*, 336 Or 147, 82 P3d 162 (2003); *State v. Phillips*, 138 Or App 468, 474, 909 P2d 882, *rev den*, 323 Or 114 (1996).

---

[2] *Tucker* holds that, if a defendant's earlier convictions are constitutionally invalid, a judge sentencing the defendant on a subsequent conviction must know that fact for the sentence imposed by that judge to be constitutional. 404 US at 448.

Defendant does not argue that suspension or revocation of driving privileges is punishment. Moreover, defendant does not argue, nor could he argue, that the earlier conviction was used to "support guilt." *Burgett*, 389 US at 115. Thus, the state contends that under *Burgett*, the Sixth Amendment is not implicated here.

Indeed, United States Supreme Court precedent supports the state's position. In *Lewis v. United States*, 445 US 55, 100 S Ct 915, 63 L Ed 2d 198 (1980), the Supreme Court confronted the question whether the defendant's earlier uncounseled felony conviction could be a basis upon which to convict the defendant of a violation of federal laws prohibiting a person with a felony conviction from receiving a firearm. *Id.* at 57-58. The Court concluded that the earlier uncounseled felony conviction could be such a basis. Quoting *Burgett*, the Court reasoned that "enforcement of that essentially civil disability [*i.e.*, the prohibition against a felon receiving a firearm] through a criminal sanction does not 'support guilt or enhance punishment' * * * on the basis of a conviction that is unreliable when one considers Congress' broad purpose [in enacting that prohibition]." *Lewis*, 445 US at 67. Similar to Congress's purpose in enacting the statutory scheme prohibiting felons from receiving firearms, the Oregon legislature's general purpose in enacting the Vehicle Code is "*primarily* remedial." *Vazquez-Escobar*, 211 Or App at 121 (emphasis in original).

Consequently, despite *dicta* found in *Standerfer* that states that "dispositions" generally are implicated by the Sixth Amendment, we conclude that *Burgett* and *Lewis* control the outcome of this case. The revocation of defendant's driving privileges is not punishment. *Phillips*, 138 Or App at 474. Additionally, defendant's earlier uncounseled DUII conviction was not used to "support guilt." *Burgett*, 389 US at 115. Thus, we conclude that the Sixth Amendment does not prohibit the use of an uncounseled conviction to revoke a defendant's driving privileges under ORS 809.235(1)(b).

Affirmed.